[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TOSTRIKE SPECIAL DEFENSE
On April 12, 1991 the Whitney Bank and Trust was declared insolvent by the Connecticut Commissioner of Banking and the FDIC was appointed as Receiver. As Receiver, the FDIC took over all assets of the failed bank, including a promissory note dated May 30, 1989 wherein the defendants agreed to pay Whitney Bank and Trust the sum of $20,000. On February 10, 1992 the FDIC assigned the note to the plaintiff which has brought this action against the defendants on the note.
Before the court at this time is the plaintiff's motion to strike the special defense filed by the defendants. The plaintiff has construed the special defense as alleging some sort of secret agreement not appearing on the face of this note, and claims that a legal doctrine, known as "D'Oench-Duhme", originating in the case of D'Oench-Duhme and Company v. F.D.I.C., 315 U.S. 447 (1942), and thereafter codified in 12 U.S.C. § 1821, 1823, bars this type of defense.
However, the defendants claim that D'Oench-Duhme Doctrine does not apply to the special defense because "[T]he defendants do not claim that there exists any agreements, other than the note itself, between the bank and themselves which affects the amount owed. Thedefendants simply claim that they never authorized or received theamount which the plaintiff claims". (Underlining added). This claim may be put in issue merely by denying the pertinent allegations of the complaint and a special defense is not necessary.
Accordingly, for the foregoing reasons, the motion to strike the special defense is granted.
William L. Hadden, Jr., Judge CT Page 3772